SUCCESSION OF NIEVES *v.* SUCCESSION OF SÁNCHEZ.

APPEAL from the District Court of San Juan, Section 1.

No. 676.—Decided June 21, 1911.

In this case Mr. Chief Justice Hernández and Mr. Justice MacLeary were of
the opinion that the appeal should be dismissed, and Justices Wolf and del Toro
were of the opinion that the case should be considered on its merits, and that
the judgment appealed from should be affirmed.

APPEAL—JUDGMENT APPEALED FROM AFFIRMED IN CASE OF DIVISION OF OPINION—
DECISION OF SUPREME COURT.—Where the Justices of the Supreme Court,
by the absence of one of the Justices, are equally divided in opinion on the
decision of an appeal, the judgment appealed from is affirmed.

OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ, MR. JUSTICE MACLEARY CONCURRING.

DISMISSAL OF APPEAL—UNAPPEALABLE DECISIONS.—Decisions of district courts
deciding demurrers are unappealable, because they are not included in the
cases expressly enumerated in section 295 of the Code of Civil Procedure,
and all appeals taken from such decisions should be dismissed.

ID.—INTERPRETATION OF PLEADINGS—NOTICE OF APPEAL.—When the words are
clear and leave no doubt as to the intention of the writer the literal sense
thereof should control.

ID.—NOTICE OF APPEAL—DECISION OF DEMURRER.—The appellant having stated
in his appeal that the same was taken from the decision of the court sus-
taining the defendant's demurrer, it is evident that his intention was to
appeal from the decision that sustained the demurrer and not from the

838 Suc. of Nieves v. Suc. of Sánchez. [Vol. 17, P. R. R.

judgment dismissing the complaint on the strength, or as a consequence, of the sustaining of the demurrer.

ID.—DECISION OF GROUNDS OF DEMURRER—JUDGMENT.—In accordance with the definition of judgment contained in section 188 of the Code of Civil Procedure, the decision or order sustaining a demurrer cannot be considered as a judgment.

APPEAL—GROUNDS OF JUDGMENT.—An appeal lies from that part of a judgment which decrees and not from the grounds on which it is based, although such grounds may be an order sustaining a demurrer.

ID.—JURISDICTION OF SUPREME COURT—AGREEMENT OF PARTIES—APPEAL.—Even assuming that the appellant and the respondent have agreed that appeal has been taken from final judgment and not from the decision sustaining the demurrer, if from the notice of appeal it appears clearly that the same has been taken from the latter, the Supreme Court has no jurisdiction to hear the appeal as jurisdiction is not conferred upon it by agreement of the parties, but by the actual taking of the appeal.

RULES OF PROCEDURE—PRIVATE AGREEMENTS OF PARTIES.—The rules of procedure are binding upon all the parties to an action and may not be substituted by private agreements or stipulation of the parties. ·

The facts are stated in the two opinions delivered.

*Messrs. Augusto Malaret* and *Sandalio Torres Monge* for appellant.

*Messrs. Bosch* and *Soto* for respondent.

OPINION DELIVERED BY MR. CHIEF JUSTICE HERNÁNDEZ.

On July 8 of the year last past the Succession of Agustina Nieves brought an action in the District Court of San Juan against the Succession of Benito Sánchez García alleging as essential facts of their action that the spouses, Cleto Estrada and Agustina Nieves, acquired two properties during their marriage, and that upon the death of Agustina, the widower, without liquidating the conjugal partnership and without administering the estate of his deceased spouse, sold said lands to Benito Sánchez García by deed of March 14, 1895. In view of these facts the plaintiffs pray that judgment be rendered decreeing the nullity of the sale made by virtue of said deed, that the defendants be ordered to deliver to the plaintiffs one-half of said lands and the fruits thereof, and that the cancellation of the records which might have been made thereof in the registry of property be decreed, with costs against the defendants.

The defendant Succession demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action, since such action is one for the annulment of the deed executed March 14, 1895, and the four years specified by section 1268 of the Civil Code for instituting such actions have more than elapsed.

The court sustained the demurrer and made an order which, copied literally, reads as follows:

"Decision.    Demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action has been taken against the complaint, because it appears therefrom that the action for annulment of contract, on·which that of ejectment depends, has prescribed in accordance with section 1268 of the Civil Code.    Considering the allegations and arguments of the attorneys, such demurrer, which is founded on the prescription of the action for annulment, is sustained by the court, and this decision shall be entered on the record as a judgment with costs against the plaintiffs.    San Juan, January 19, 1911."

The judgment reads:

"Judgment.    On December 16, 1910, in open court, this case was called for hearing of the demurrer that the complaint did not state facts sufficient to constitute a cause of action, and both parties appeared through their counsel, who read their pleadings and argued orally in support thereof.    The court, considering such pleadings and arguments, decided that the law was in favor of such demurrer, which is sustained, and, therefore, the complaint is dismissed with costs against the plaintiffs.    The secretary shall issue the proper writ of execution.    Rendered in open court on the 19th day of January, 1911, and entered on the same date."

The plaintiff took an appeal in the following terms:

"Mr. Secretary: You are hereby notified that we take an appeal to the Supreme Court from the decision of this court, dated the 19th instant, which sustains the defendant's demurrer.    For proper purposes please take note thereof.    San Juan, January 27, 1911.    (Signed) A. Malaret, attorney for the plaintiff.    Served with· copy thereof on January 27, 1911.    (Signed) Bosch and Soto, attorneys for defendants."

This is the appeal submitted to our consideration.

It first becomes necessary to determine the matter, whether it is the decision of January 19, 1911, or the judgment rendered the same day that is the subject of the appeal.

We do not hesitate to affirm that it is the former.

The appellants state that the appeal is taken from the decision sustaining the defendant's demurrer.

When the words are clear and leave no doubt as to the intention of the person employing them the literal sense thereof should control. The words used by the appellants are clear and leave no doubt of their intention to appeal from the decision sustaining the demurrer, and not from the judgment dismissing the complaint on the ground, or as a consequence, of the sustaining of the demurrer. It would have been difficult to find more appropriate or adequate words to appeal from the decision of January 19 last.

It is not the judgment precisely which overruled the demurrer, but the decision preceding said judgment. The judgment dismisses the complaint with costs against the plaintiffs on the ground that the demurrer was sustained by said decision, and the latter having been rendered it was unnecesary to state in the judgment that the law was in favor of the demurrer.

A judgment, according to section 188 of the Code of Civil Procedure, is the final determination of the rights of the parties to an action or proceeding. A decision or an order sustaining a demurrer cannot be qualified as a judgment.

An appeal lies from that part of a judgment which decrees and not from the grounds thereof, although such grounds may be an order sustaining a demurrer.

Considering the terms in which the notice of appeal is worded and the legal principles above stated, it is as clear as day that the appeal is taken from the decision of January 19, 1911, sustaining the demurrer taken on the ground of the prescription of the action for annulment, and such being the case the appeal does not lie, because a decision sustaining or

overruling a demurrer is not included in the cases enumerated expressly in section 295 of the Code of Civil Procedure in specifying the decisions or orders from which appeals to the Supreme Court may be taken. Upon an appeal being taken from a final judgment, which has not been done in the present case, then said decision is deemed excepted to by operation of law, in accordance with the provisions of section 213 of the aforesaid code, and the jurisdiction of the court to affirm or reverse the same would also extend thereto.

It cannot be said that both parties, appellants and respondents, while respectively sustaining the reversal or affirmance of the judgment, have agreed that the appeal was taken from said final judgment, because it is not the agreement of the parties that confers jurisdiction upon the court, but the actual taking of the appeal. The rules of procedure are binding upon all the parties to an action and may not be substituted by private agreement or stipulation of the parties, as was laid down on June 29, 1906, in deciding the case of *Ex parte Margarita Hecht,* 11 P. R. 192.

We deplore our inability to discuss the appeal on its merits for lack of jurisdiction, the decision appealed from being unappealable.

The appeal taken from the decision of the District Court of San Juan, dated January 19 last, should be dismissed.

OPINION OF MR. JUSTICE DEL TORO, MR. JUSTICE WOLF CONCURRING.

ACTION OF EJECTMENT—NULLITY OF DEFENDANTS' TITLE—CASES WHEREIN IT IS NECESSARY FIRST TO BRING ACTION FOR ANNULMENT.—The legal doctrine that it is necessary to apply first for the annulment of the title when an action of ejectment is instituted against persons who are in possession of the thing in litigation by virtue of a title which was had as legal, is applicable only when the nullity thereof causes the action, but not when the right to recover is independent thereof.

ID.—ACTION FOR ANNULMENT—PLAINTIFFS' TITLE.—The person who takes for grounds of his action of ejectment a title independent of that of the possessors is not bound to apply for and obtain the annulment of the latter in order that his action may prevail.

ID.—PROPERTY OF CONJUGAL PARTNERSHIP—LITIGATION OF CONJUGAL PARTNERSHIP.—The acquisition of property during the existence of the conjugal partnership is not sufficient title as grounds for an action of ejectment,

because without the previous liquidation of the common. assets the existence of a surplus, of which one-half corresponds to each partner, cannot be affirmed.

APPEAL—GENERIC TERM ''DECISION.''—Considering the circumstances of this. case and that the generic term ''decision'' includes ''judgment,'' this court should not divest itself of its jurisdiction because the appeal states that the same is taken from the decision, when, properly, it should have said ''from the judgment,'' but, on the contrary, it should hear the appeal and decide it on the merits thereof.

The Succession of Agustina Nieves brought an action in the District Court of San Juan, which is entitled ''recovery of interest in two landed estates, with the fruits thereof, and nullity of records,'' and alleged the following facts:

''First. That, like the defendants, they reside in this judicial district and have capacity to sue and be sued, to bind themselves and be bound.

''Second. That Cleto Estrada and Agustina Nieves were married in Loíza on June 8, 1867, leaving their four children, Margara, Clara, Gumersinda, and Juan Estrada Nieves, as their sole and universal heirs.

''Third. That Margara died, leaving her legitimate children, Antero, Leonor, Leocadia, Pedro, and Juana, the first of legal age and the others minors, represented by their legitimate father, the widower, Gavino Tirado, as her sole and universal heirs, who jointly with Clara, Gumersinda, and Juan Estrada Nieves, are the plaintiffs in this case.

''Fourth. That during their marriage Cleto Estrada and Agustina Nieves acquired from Pascasio Calderón and Matías Tirado, by deed of April 18, 1880, executed before the then notary of Carolina, Juan Bolet Durán, the two following properties:

''Eleven *cuerdas* of land in *barrio* Lomas of the district of Loíza, marked by 4 *jobo* pickets, bounded on the north by lands of Angela Pérez; on the south by lands of the purchasers; on the east by lands of Pedro Gómez; and on the west by lands of Máximo Tirado.

''Five *cuerdas* situate in *barrio* Lomas, marked by 4 *jobo* pickets, and bounded on the north by lands of Angela Pérez; on the south by lands of Cayetana Rodríguez; on the east by lands of Pedro Gómez; and on the west by lands of Nicolás C. Nieves.

''Fifth. That the spouses, Estrada-Nieves, cultivated and improved both parcels with coffee and various minor products.

''Sixth. That upon the death of the spouse Agustina, the widower,

Cleto Estrada, without liquidating the conjugal partnership or administering the estate of his deceased wife by delivering to each child his hereditary interest, as was his duty, maliciously sold the two properties described, as if they had belonged to him exclusively, to Benito Sánchez García, merchant, who also acted in bad faith in the bargain and sale effected by deed of March 14, 1895, executed before Notary Leandro Lara Tomé, and unlawfully recorded in the registry of property. .

"Seventh. That since the aforesaid date, March 14, 1895, Benito Sánchez, in the first place, and afterwards his successors, have been enjoying the benefits derived from the whole of the two properties described, the proceeds of which, the decision of experts excepted, are figured to be $300 per annum net.

"Eighth. That Benito Sánchez García died in Loíza, leaving his children, Francisca, Josefa, and Pina, who are of age, and Carmen, Isabel, Julia, Benito, and José, minors, represented by their legitimate mother, the widow, Delfina Castro, as his sole and universal heirs. That they all reside in this judicial district, such heirs being in possession of the lands described, and are the defendants in this action."

The defendant Succession demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. (Section 105, paragraph 6, of the Code of Civil Procedure.)

The court, after hearing both parties, rendered the following decision which was entered as a judgment:

"Decision. Demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action has been taken against the complaint, because it appears therefrom that the action for annulment of contract, on which that of ejectment depends, has prescribed in accordance with section 1268 of the Civil Code.

"Considering the allegations and arguments of the attorneys, such demurrer, which is founded on the prescription of the action for annulment, is sustained by the court, and this decision shall be entered on the record as a judgment, with costs against the plaintiffs."

From this decision of the court the present appeal is taken, both parties having appeared and argued on its merits the issue raised.

The record contains the decision of the court, which we have transcribed, as well as the judgment entered the same day. The notice of appeal states that the same is taken from the decision, when, properly, it should have said from the judgment; but, considering the circumstances of this case and that the generic term ''decision'' includes ''judgment,'' we are of the opinion that the latter was identified sufficiently and that this court should not divest itself of the jurisdiction thereof, but, on the contrary, it should hear the appeal and decide it on the merits thereof.

After studying the case carefully we cannot agree to the grounds of the judgment appealed from.

The action instituted by the plaintiff is of ejectment and is independent of an action for annulment of the defendant's title.

''The legal doctrine that it is necessary first to request the annulment of title when an action of ejectment is instituted against persons who possess the object of the same by virtue of title had as lawful is only applicable when the annulment causes the action, but not when the right to recover is independent thereof.'' (Judgment of the Supreme Court of Spain, October 16, 1873.)

''The action of ejectment being founded on a right recognized as preexistent to that of the defendant's title, it is not necessary to ask, previously and separately, for the annulment of said title, because the plaintiff's action is not derived therefrom, but is a consequence of the one he has deduced.'' (Judgment of the Supreme Court of Spain, January 17, 1889.)

''The principle that an action of ejectment cannot be instituted against a possessor whose title, more or less good, is recorded in the registry of property without a preceding action which, in accordance with law, must be adequate to destroy the same, is unacceptable when the action instituted has no other object than to obtain the real property that the plaintiff claims as owner, although not on the ground that the defendant's title is more or less effective.'' (Judgment of the Supreme Court of Spain, April 6, 1889.)

''A person whose action of ejectment is founded on a title independent of the possessor's is not obliged to ask and obtain the annulment thereof in order that his action may prevail.'' (Judgment of the Supreme Court of Spain, February 13, 1892.)

However, if the judgment appealed from is not upheld on the grounds taken by the judge in rendering the same, it is necessary, nevertheless, to arrive at the conclusion that it should be affirmed because it is upheld on other grounds— that is, the ground that because the action of ejectment having been instituted, as it was, the plaintiffs do not allege therein a clear and precise title to the property claimed thereby.

"The acquisition of property during the conjugal partnership is not sufficient title upon which to found an action of ejectment, because no liquidation of common assets having preceded the existence of a surplus corresponding to one-half to each spouse cannot be affirmed.

"Though Law I, Title III, Book III, and Law IV, Title IV, Book X, of the *Novísima Recopilación,* declare that what is acquired during the marriage of the spouses is property of the conjugal partnership, this is understood with respect to such balance as may result after deducting the liabilities, the payment of which should have preference." (Judgment of the Supreme Court of Spain, May 11, 1889; 65 Civil Jurisprudence, 698.)

See, moreover, the case of *Fernández et al.* v. *Velázquez,* 17 P. R., 716 decided by this Supreme Court on June 9, 1911, and the decision of the Supreme Court of Spain, dated June 13, 1901, cited therein.

The complaint does not contain one single specific allegation with respect to the ownership of the exact half of the properties described therein by the plaintiffs, it being founded on the theory only that the properties having been acquired by onerous title during the conjugal partnership one-half belonged to each of the spouses, and, consequently, to the plaintiffs appearing as heirs of one of them. But, as already stated, this is not in itself sufficient title upon which to institute an action of ejectment wherein it is necessary to allege a clear, perfect, and specific title. The plaintiffs themselves allege in their complaint that the conjugal partnership was not liquidated on the death of their ancestor, and such being the case it is impossible to know whether or not profits were had by said partnership.

For the foregoing reasons we are of the opinion that the appeal cannot be sustained, and the judgment appealed from should be affirmed.

I am authorized to state that Mr. Justice Wolf concurs in this opinion.

*Affirmed.*

Mr. Justice Aldrey did not take part in the decision of this case.